UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEROME BOYNTON,

    Plaintiff,

v.                                         Case No. 5:20-cv-107-TKW/MJF

J. STRICTLAND,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jerome Boynton, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. This action is before the court for preliminary screening of Boynton's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. From a review of the complaint, it is evident that the facts as presented fail to state a facially plausible claim for relief against the named Defendant and that no additional facts or legal theories could cure this deficiency. Therefore, the undersigned recommends dismissal of Boynton's complaint pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(ii) for failure to state a claim.[1]

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I.  Background

Boynton alleges that, one day during lunch, another inmate offered him an apple, which he accepted. (Doc. 1 at 5, 7). Defendant, Sergeant J. Strictland, ordered Boynton to leave the prison cafeteria because Boynton had accepted the apple. Boynton alleges that Strictland threatened to place Boynton in "confinement." (*Id.*). Boynton states he was unable to finish his lunch, and he asserts that he elected to forego dinner because he feared returning to the cafeteria. (*Id.*). Boynton alleges that he did not eat for a total of 15 hours. (*Id.* at 7). Boynton seeks compensatory and punitive damages. (*Id.* at 8).

## II.  Standard

Because Boynton is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). The Rule 12(b)(6) standard governs dismissals for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most

favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### III. Discussion

**A.** <u>**Failure to State a Claim**</u>

The Eighth Amendment prohibits infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement."). Although the Eighth Amendment does not require comfortable prisons, it prohibits inhumane ones. *Farmer*, 511 U.S. at 832; *Chandler*, 379 F.3d at 1289 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Thus, prison officials "must provide humane conditions of confinement; [they] must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

"The Supreme Court has developed a two-part analysis to govern Eighth Amendment challenges to conditions of confinement." *Chandler*, 379 F.3d at 1289. Under this standard, the inmate must allege both an objective component, which requires that the conditions be "sufficiently serious," and a subjective component, which requires that the officials acted with "deliberate indifference to prisoner health

or safety." *Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994) (internal quotes omitted).

In establishing whether a condition is "sufficiently serious," the Supreme Court has said that "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotes omitted); *see also Harris v. Thigpen*, 941 F.2d 1495, 1511 (11th Cir. 1991) (basic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety). Thus, "the challenged condition must be 'extreme,'" and a "prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Chandler*, 379 F.3d at 1289, 1295 (citing *Hudson*, 503 U.S. at 9). This objective component is contextual and responsive to "contemporary standards of decency." *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Both the duration and severity of prison conditions also are relevant to the determination of whether the Eighth Amendment has been violated. *See Chandler*, 379 F.3d at 1295.

Here, Boynton asserts that he was denied two meals (lunch and dinner) and that he did not eat for a fifteen-hour period.[2] The "[w]ithholding of food does not

---

[2] Notably, Boynton does not allege that Strictland removed him from the prison cafeteria during dinner or directly prevented him from partaking in dinner. Rather, Boynton asserts that he chose not to return to the cafeteria for dinner because he was concerned about interacting with Defendant Strictland.

*per se* constitute an objectively serious deprivation in violation of the Constitution." *Adair v. Okaloosa Cty. Jail*, No. 3:07cv425/MCR/EMT, 2008 WL 564616, at *2 (N.D. Fla. Feb. 27, 2008) (citing *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999)). Rather, courts must consider the circumstances, nature, and duration of a deprivation of life's necessities in determining whether a constitutional violation has occurred. *Id.*; *see Chandler*, 379 F.3d at 1295. "In general, the severity and duration of deprivations necessary to state a constitutional violation are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 1999)); *see also Whitnack v. Douglas Cty.*, 16 F.3d 954, 958 (8th Cir. 1994).

Courts which have considered facts similar to those alleged by Boynton have held that short deprivations of food do not violate the Constitution. *See Brown v. Madison Police Dep't*, No. 03-C-177-C, 2003 WL 23095753, at *4 (W.D. Wis. May 15, 2003) (holding that "missing two meals on a single occasion" does not exceed "contemporary bounds of decency in a mature, civilized society" and does not indicate "that petitioner was denied the minimal civilized measure of life's necessities."); *see Gardner v. Beale*, 780 F. Supp. 1073, 1075-76 (E.D. Va. 1991)

(holding that providing prisoner with only two meals per day—with an 18-hour interval between dinner and brunch—did not violate the Eighth Amendment), *aff'd* 998 F.2d 1008 (4th Cir. 1993); *see also Berry v. Brady*, 192 F.3d 504, 506-08 (5th Cir. 1999) (noting that denying an inmate eight meals over seven months did not violate the Eighth Amendment); *see also Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (observing that "[m]issing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period"); *see also Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986) (observing that even on a permanent basis, two meals a day may be adequate).

Here, Boynton has alleged that Strictland denied him one meal and that engendered fear caused him to forego a second meal. He asserts that he did not eat for a total of 15 hours. The denial of two meals resulting in 15 hours without food does not violate the Eighth Amendment, particularly when the plaintiff does not allege any harm resulting from this fasting. *See Hoever v. Belleis*, 703 F. App'x 908, 911 (11th Cir. 2017) (noting that the plaintiff "did not assert that missing one meal worsened his health"). Boynton, therefore, has failed to state a claim for a violation of the Eighth Amendment.

**B.    Amendment Would be Futile**

The Eleventh Circuit requires a district court to grant a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismisses the action

with prejudice—at least, that is, where a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 672 n.10 (11th Cir. 1991)); *see Springer v. Wells Fargo Bank, N.A.*, 784 F. App'x 721, 727 (11th Cir. 2019); *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018). This requirement exists even when a plaintiff has not requested leave to amend until after final judgment. *Woldeab*, 885 F.3d at 1291.

A district court, however, is not required to grant leave to amend when: (1) the plaintiff clearly does not want to amend his complaint; or (2) a revised complaint still could not state a claim. *Id.* As to the second alternative, courts consider whether an amendment would be "futile." *Silberman*, 927 F.3d at 1133. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Here, in light of the facts stated in Boynton's complaint, allowing Boynton to amend his complaint would be futile insofar as he could not provide any additional facts that would support a claim for an Eighth Amendment violation.

### IV.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. That this case be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and

1915(e)(2)(ii) for failure to state a claim.

    2.    The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this <u>6th</u> day of July, 2020.

                                   /s/ *Michael J. Frank*
                                   **Michael J. Frank**
                                   **United States Magistrate Judge**

### **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.